Ralph A. WALTERS, Plaintiff-Appellant,

v.

CITY OF OCEAN SPRINGS and Kevin Alves, Defendants-Appellees.

No. 80–3192

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Unit A

Oct. 3, 1980.

J. Brice Kerr, Pascagoula, Miss., for plaintiff-appellant.

Hopkins & Logan, Thomas E. Vaughn, Gulfport, Miss., for defendants-appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ralph A. Walters brings this appeal from summary judgment entered by the district court below in favor of both Defendant-Appellees, the City of Ocean Springs, Mississippi, and one of its policemen, Officer Kevin Alves. Walters alleged that the defendants deprived him of his constitutional rights when they arrested him on a charge of theft; his cause of action was based upon 42 U.S.C. § 1983 (1976), and was within the district court's subject-matter jurisdiction by virtue of 28 U.S.C. § 1343 (1976). He also alleged pendant state-law claims for malicious prosecution and abuse of process. On appeal, he urges that the trial court erred in denying his motion under Fed.R.Civ.P. 56(f) for additional discovery time to obtain affidavits that would controvert the defendants' summary judgment motions, and also urges

that the grant of summary judgment was improper because the defendants had not succeeded in proving that there were no genuine issues of fact remaining in the case. For the reasons stated below, we affirm the decision of the district court in all respects.

## I. FACTUAL BACKGROUND OF THE LITIGATION

On June 4, 1978, Mr. J. B. Nobles, a resident of Ocean Springs, Mississippi, filed a complaint with the Ocean Springs Police Department alleging that a boat motor had been stolen from his yard on the previous day. Officer Joe Ray Jones of the Ocean Springs Police Department investigated the alleged theft and filed an official report stating that a Mr. John Cole had advised Officer Jones that he and his wife had witnessed the theft of the outboard motor. According to Officer Jones' report, Cole told him that the theft was committed by two individuals driving a green Chevrolet pick-up truck, license number JA5–423. According to the report, Cole described one individual as being a tall, slender man with graying hair, and the other as being a teen-age boy. An arrest warrant was issued for a "person or persons unknown" on charges of grand larceny. Further investigation established that the license tag number related by Cole to Officer Jones corresponded to a green Chevrolet pickup truck owned by Walters. Additionally, Defendant-Appellee Alves contacted Cole to verify the account of the incident as set out in the investigation report filed by Officer Jones.

Investigators in the Ocean Springs Police Department traced Walters to Tylertown, Mississippi. Officer Alves checked state driver's license identification records to verify the approximate description and age of Walters, and ascertained that the description conformed to that given by Cole. At this point, Officer Alves and another officer, on instructions of their superior, went to Tylertown to question Walters and possibly to make an arrest based on Walters' replies. Upon questioning Walters, the policemen ascertained that he had been in Ocean Springs at the approximate time of

the alleged theft, and that he had been accompanied by his son, a teenage boy fitting the approximate description related by Cole. Officer Alves noted that Walters conformed to the physical description given by Cole and that he was operating a green Chevrolet pickup truck with the tag number related by Cole. Accordingly, Officer Alves arrested Walters and returned him to Ocean Springs. Shortly thereafter, Walters was released on bond, with a preliminary hearing set for June 21, 1978. Walters does not allege that Officer Alves or any other member of the Ocean Springs Police Department used unnecessary force in making the arrest, or during the detention after arrest. Walters appeared at the preliminary hearing on June 21, 1978, but the two eye-witnesses, Mr. & Mrs. Cole, refused to appear to testify on behalf of either the State or Walters. Because the Coles' eye-witness testimony was the sole evidence linking Walters to the theft, the charges were dismissed.

Almost exactly one year later, on June 20, 1979, Walters filed this section 1983 action in the district court below, alleging that he had been deprived of his constitutional rights under color of state law by virtue of the acts of Officer Alves and the Police Department of the City of Ocean Springs. The specific rights he alleged were violated were "his rights to security of person and freedom from arrest, except on probable cause, supported by oath or affirmation, guaranteed by the Fourth Amendment to [the United States] Constitution, and his rights not to be deprived of liberty without due process of law, guaranteed by the Fifth and Fourteenth Amendments to said Constitution." Walters also alleged causes of action for malicious prosecution and abuse of process under Mississippi law as matters within the pendent jurisdiction of the district court. Officer Alves and the City of Ocean Springs answered separately on August 7, 1979.

On January 7, 1980, Officer Alves and the City filed separate motions for summary judgment with supporting affidavits. A hearing on the motions was set for February 4, 1980. On February 1, 1980, Walters

responded to the defendants' motions for summary judgment, alleging first that there were still genuine issues of material fact in the case, and, in the alternative, that Walters had been unable to secure controverting affidavits from two key witnesses, Mr. & Mrs. Cole. Pursuant to Fed.R.Civ.P. 56(f), Walters moved for an order of continuance and enlargement of discovery time in order that he might depose Mr. & Mrs. Cole for purposes of opposing the defendants' motions for summary judgment. Walters' attorney attached a supporting affidavit, also pursuant to rule 56(f). He alleged in the affidavit that his conversations with Mr. & Mrs. Cole before and after filing suit had convinced him that their testimony would create genuine issues of fact regarding the circumstances of the arrest, but that the Coles had only indicated on January 29, 1980, that they would not come forth voluntarily to execute controverting affidavits.

At the hearing on February 4, 1980, the district court denied Walters' motion for continuance under rule 56(f), and granted in full both defendants' motions for summary judgment. On February 7, 1980, the district court entered its findings of fact and conclusions of law, and also entered summary judgment in favor of both defendants. Walters filed a motion to reconsider and vacate the summary judgment and to allow additional time for discovery, again urging his need to depose Mr. & Mrs. Cole to controvert the defendants' summary judgment motions. This motion was denied, and Walters appealed.

## II. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING WALTERS' RULE 56(f) MOTION?

Fed.R.Civ.P. 56(e) provides, in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that

there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The possible unfairness that this requirement might work upon the nonmovant is substantially mitigated by Fed.R.Civ.P. 56(f), which provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court *may* refuse the application for judgment or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(Emphasis added.) Walters contends on appeal that the trial court erred in refusing his request for a continuance so that he could depose Mr. & Mrs. Cole in hopes of obtaining evidence to controvert the defendants' motions for summary judgment. We assume *arguendo* that Walters' motion met the formal requirements of rule 56(f), and that his rule 56(f) affidavit alleged with sufficient particularity the controverting facts that he expected to adduce from the Coles, and that those controverting facts would have created a genuine issue of fact sufficient to forestall the summary judgment.

■ Professor Moore has succinctly paraphrased the applicable law:

> Where . . . the party opposing summary judgment timely presents his affidavit under Rule 56(f) stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate. And, *absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court.*

> .    .    .    .    .

> Another illustrative situation to which Rule 56(f) may apply is where the opposing party has not been able to locate a witness, or having located him has been unable to secure an affidavit from him and has not had time to take his deposition, and such witness has knowledge of material facts which would defeat or aid in defeating the motion for summary judgment. The opposing party should detail the above situation by his own affidavit. The court may then, in the exercise of a sound discretion, grant or deny a continuance or make some other just disposition of the motion for summary judgment, depending on whether it believes the affidavit has merit.

6 (pt. 2) J. Moore, Federal Practice ¶ 56.24, at 56–1424 to –1436 (2d ed. 1979) (footnotes omitted; emphasis added). As the use of the permissive "may" rather than the mandatory "shall" in rule 56(f) suggests, and as Professor Moore points out, the determination of the adequacy of a nonmovant's rule 56(f) affidavits and the decision to grant a continuance thereon rests in the sound discretion of the trial court. We have so held. *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980). The issue on appeal is not whether we would do otherwise were we in the position of the district judge, but whether the district judge abused his discretion.

■ In *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140 (5th Cir.) (en banc), *cert. denied*, 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973), we found an abuse of the trial court's discretion to deny an extension under rule 56(f) out of "an abundance of caution and to prevent a possible injustice," *id.* at 1146. In that case, the information sought by the nonmovant was in the control of the movants, and there were other complicating factors involving agreements between counsel regarding the order and timing of discovery. The parties' comparative access to the witnesses or material relevant to the disposition of the rule 56(f) motion is a particularly salient factor for the trial court to consider in exercising its discretion. *See* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2728, at 557, and § 2741, at 731–40 (1973), and cases cited

therein. Here, by sharp contrast to *Little-john*, the discovery sought under rule 56(f) was from a nonparty who had been in contact with and available to all parties, on both sides of the litigation, continuously since at least some time before Walters filed suit. Nor is there any hint that the defendants had anything to do with the Coles' sudden change of heart.

Walters' attorney evidently considered the Coles' testimony to be absolutely crucial to the lawsuit. He must have known from the time that the defendants filed for summary judgment that he would have to proffer controverting summary judgment evidence. Yet he failed to use the devices available to him under the Federal Rules of Civil Procedure to ensure that the Coles' oral assurances to him would be reduced to a form of evidence that is competent to raise a genuine issue of fact in a summary judgment proceeding. He admits in his rule 56(f) affidavit that the Coles were within the subpoena power of the district court, and that the Coles had indicated by their own attorney their willingness to respond to a subpoena. Yet he failed to take their depositions. Nor did he subpoena the Coles so that he could invoke the trial court's discretionary power to hear oral testimony at the summary judgment hearing, *see* Fed.R.Civ.P. 43(e); *McGuire v. Columbia Broadcasting System, Inc.*, 399 F.2d 902, 906–07 (9th Cir. 1968); 6 J. Moore, *supra*, § 56.11[8]; C. Wright & A. Miller, *supra*, § 2723; *cf. Arrington v. City of Fairchild*, 414 F.2d 687, 692 (5th Cir. 1969) (oral testimony used in summary judgment hearing). "The most common situation in which [rule 56(f)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose." C. Wright & A. Miller, *supra*, § 2740, at 726.

■ After giving due consideration to these and all the other circumstances set out in the record, we decline to find that the court below abused its discretion in denying Walters' request for a continuance under rule 56(f). Accordingly, we affirm that portion of the district court's decision.

## III. WERE THE SUMMARY JUDG-MENTS PROPER?

■ In his second point on appeal, Walters contends that the district court erred in granting the summary judgments because the defendants had not established under Fed.R.Civ.P. 56(c) that there was "no genuine issue as to any material fact and that the moving part[ies were] entitled to judgment as a matter of law." By contrast to the "abuse of discretion" standard we employ for review of the trial court's rulings on rule 56(f) motions, here we look at the record in the light most favorable to the party opposing the motion. *E. g., Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *O'Boyle Tank Lines, Inc. v. Beckham*, 616 F.2d 207, 209 (5th Cir. 1980).

■ "The Constitution does not guarantee that only the guilty will be arrested," *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979), but "a warrantless and malicious arrest based on no probable cause violates liberty, and hence section 1983." *Reeves v. City of Jackson*, 608 F.2d 644, 650 (5th Cir. 1979). Even assuming *arguendo*, however, that in retrospect Officer Alves lacked probable cause to arrest Walters, he can avoid section 1983 liability by virtue of his qualified immunity if he can demonstrate his good faith in making the arrest. *Id.* at 651; *Hunter v. Clardy*, 558 F.2d 290, 292 n.1 (5th Cir. 1977). *See also Douthit v. Jones*, 619 F.2d 527, 532–35 (5th Cir. 1980). Having reviewed the record, we are convinced that there was no genuine issue of fact as to Officer Alves' good faith in making the arrest. Nor was there any genuine issue of fact as to whether his alleged failure to conduct adequate investigation was such serious culpable nonfeasance as to constitute, even constructively, "malicious intent" sufficient to destroy his qualified immunity. *See Bogard v. Cook*, 586 F.2d 399, 412 (5th Cir. 1978), *cert. denied*, 444 U.S. 883, 100

S.Ct. 173, 62 L.Ed.2d 113 (1979). Therefore, we conclude that the district court did not act improperly in granting summary judgment in favor of Officer Alves.[1]

In reviewing the trial court's grant of summary judgment in favor of the City of Ocean Springs, we apply the Supreme Court's pronouncement regarding municipalities' section 1983 liability: it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611 (1977).[2] Our review of the record convinces us that even if a wrong was inflicted upon Walters in violation of his constitutional rights, there was no genuine issue of fact as to whether there existed a municipal policy or custom that, when carried out, inflicted the injury.[3] Indeed, Walters' petition does not even allege the existence of such a policy or custom. Instead, it appears to rely upon a theory of *respondeat superior*, which cannot support section 1983 liability, *id.* at 691, 98 S.Ct. at 2035; *Dean v. Gladney*, 621 F.2d 1331, 1335 n.11, 1336–37 (5th Cir. 1980). We conclude that the district court did not act improperly in granting summary judgment in favor of the City of Ocean Springs.

Accordingly, the judgment of the district court is

AFFIRMED.

---

1. The Supreme Court's recent decision in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (municipalities cannot rely on "good faith" defense to avoid § 1983 liability) in no way contradicts our conclusion that Officer Alves is entitled to a qualified immunity on the basis of his good faith. Indeed, the Supreme Court specifically noted that "[t]he offending official, so long as he conducts himself in good faith, may go about his business secure in the knowledge that a qualified immunity will protect him from personal liability for damages that are more appropriately chargeable to the populace as a whole." *Id.* at 657, 100 S.Ct. at 1419, 63 L.Ed.2d at 679.

2. The Supreme Court has recently reemphasized this prerequisite for municipalities' § 1983 liability by quoting with approval this passage from *Monell. Owen v. City of Independence*, 445 U.S. 622, 633, 100 S.Ct. 1398, 1406, 63 L.Ed.2d 673, 682 (1980).

3. Appellant Walters, in urging that a genuine issue of fact exists as to whether Ocean Springs had such a policy, relies solely upon a single statement by Officer Alves at his deposition. Alves was asked, "[I]s it your opinion that that investigation would meet the standards required by the Ocean Springs Police Department?" He replied, "Yes sir, I feel that it would meet the standards of any department." Alves deposition at 56. We do not believe that this, standing alone, is sufficient to raise a genuine issue of fact as to whether the City of Ocean Springs had adopted a policy or custom of encouraging malicious, warrantless arrests not based on probable cause.