Hugh PAINTER, et al.

v.

BALTIMORE COUNTY, MARYLAND,
et al.

Civ. No. Y-81-1847.

United States District Court,
D. Maryland.

April 1, 1982.

Thompson, a Baltimore County police officer, and Cornelius Behan, Chief of Police for Baltimore County, under 42 U.S.C. §§ 1983 and 1988. This matter is before the Court on the motion of defendants Behan and Baltimore County to dismiss or for summary judgment. Since it has been necessary to consider various materials beyond the pleadings, the Court will treat the motion as one for summary judgment, pursuant to F.R.Civ.P. 12(b).

On August 2, 1980, plaintiff Hester Painter attended a concert at Merritt Point Beach. As she was leaving the concert, defendant Thompson arrested her for refusing to leave public grounds when the grounds were closed to the public and an authorized employee had requested her to leave. Painter was subsequently acquitted of that charge in the District Court of Maryland for Baltimore County. The complaint alleges that Thompson, without probable cause or warning, struck Painter several times with his nightstick, handcuffed her, dragged her to the patrol car and threw her inside.

## LEGALITY OF THE ARREST

■ Defendants' first ground for summary judgment is that Thompson's affidavit establishes that he did not assault plaintiff and that the arrest was lawful, since Painter committed a misdemeanor by refusing Thompson's request that she leave the park. This affidavit would, if unchallenged, justify summary judgment in favor of all defendants. However, while plaintiffs have not produced any affidavits, they have submitted a certified copy of the transcript of Painter's trial in the District Court of Maryland for Baltimore County. Such a transcript containing sworn testimony constitutes evidence properly before the Court, and may be considered in ruling on a motion for summary judgment. *Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir. 1980); *Askew v. Bloemker*, 548 F.2d 673, 679 (7th Cir. 1976).

■ Painter testified in that trial that she had no conversation with Thompson, and that while she was talking with some-

William S. Gann, and Philip S. Pott, Baltimore, Md., for plaintiffs.

H. Edgar Lentz, Asst. County Sol. for Baltimore County, Towson, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiffs, Hugh and Hester Painter, are suing defendants Baltimore County, Robert

one, Thompson came up to her from behind, handcuffed her and took her away. While this evidence fails to refute specifically many of the statements in Thompson's affidavit, when considered in the light most favorable to plaintiffs, *United States v. Diebhold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), Painter's prior testimony raises genuine issues of fact as to whether Thompson requested her to leave (and thus whether the arrest was lawful), and whether Thompson assaulted her from behind, handcuffed her and took her to the police car. Therefore, defendants are not entitled to summary judgment on this basis.

## DEFENDANT BEHAN

■ Plaintiffs allege that Behan, the Chief of Police, is vicariously liable for the acts of Thompson, since Thompson was Behan's "agent, servant and/or employee." This allegation fails to state a claim, because the doctrine of *respondeat superior* does not apply in § 1983 actions. *Sandlin v. Johnson*, 643 F.2d 1027, 1029 n.3 (4th Cir. 1981); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

■ Plaintiffs also allege that Behan is directly liable for ratifying, consenting to or acquiescing in Thompson's actions. It is doubtful whether such a conclusory allegation, without specific allegations as to the extent of Behan's knowledge of Thompson's actions, states a claim for liability against a supervisor under § 1983. *See Hall v. Tawney*, 621 F.2d 607, 615 (4th Cir. 1980). In any event, summary judgment in favor of Behan is warranted, since plaintiffs have failed to respond to his affidavit specifically denying that he ratified, consented to or acquiesced in Thompson's actions.

■ . Plaintiffs further allege that Behan is directly liable for: (1) negligence in the selection, appointment, training, supervision and retention of Thompson and (2) instructing Thompson that he should assault suspects without cause. Without deciding

what standard of care a police chief must exercise in training and supervising his subordinates,[1] and overlooking the fact that the second allegation is frivolous, bordering on the outrageous, the Court finds that there is no genuine issue of fact as to whether Behan was negligent or malicious in selecting, appointing, training, supervising and retaining Thompson.

Behan states in his affidavit that all police officers: (1) meet the selection standards of the Maryland Police Training Commission, Art. I, § 70A, COMAR 12.04.01; (2) receive training in excess of that required by the Commission; (3) attend annually a one-week refresher course, which includes a review of the laws of arrest in Maryland and the circumstances under which officers may make arrest, for both felonies and misdemeanors, with and without warrants; (4) are apprised of the federal Civil Rights Statutes and are informed that they may be found liable in a civil suit if they violate a person's civil rights; and (5) receive bulletins on legal matters from the Department's legal officer. Behan states that the Department's Rules and Regulations require officers to meet the public with courtesy and consideration and prohibit officers from using unnecessary force. Finally, Behan states that he has never met Thompson and specifically denies that he instructed Thompson to assault suspects without cause, either on his own or at the behest of some official of Baltimore County.

■ Plaintiffs have submitted no evidence challenging these statements. Therefore, the Court finds that Thompson received adequate training and that Behan did not instruct Thompson to assault suspects. Plaintiffs cannot rely on the fact that there is a genuine issue of fact as to the legality of the arrest, because a showing that an individual officer violated someone's constitutional rights on one occasion does not raise an issue of fact regarding the

---

1. For a discussion of the inconsistent case law on this issue, *see McClelland v. Facteau*, 610 F.2d 693, 696 (10th Cir. 1980).

adequacy of the police department's training and procedures. *Orpiano v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980), *cert. denied*, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981). For all these reasons, the Court finds that there is no genuine issue of fact as to defendant Cornelius Behan's liability and the Court grants summary judgment in favor of that defendant. *See McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1980) (granting summary judgment to defendant police chief who submitted unchallenged affidavits and documents showing that his subordinates received adequate training and that the Department's policies would have protected plaintiff's rights if they were followed).

## DEFENDANT BALTIMORE COUNTY

■ Plaintiffs claim that Baltimore County is vicariously liable for the acts of its employee, Thompson. This fails to state a claim under § 1983, because a municipality's liability under § 1983 cannot be based on the doctrine of *respondeat superior*. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690–95, 98 S.Ct. 2018, 2035–38, 56 L.Ed.2d 611 (1978).

■ Plaintiffs also allege that Baltimore County is directly liable for its role: (1) in the selection, appointment, training, supervision and retention of Thompson; and (2) in instructing Thompson, or directing defendant Behan to instruct Thompson, to assault suspects without cause.[2]

*Monell* held that a municipality could be found liable for damages under § 1983 only if a policy or custom of the municipality caused the alleged deprivation of constitutional rights. 436 U.S. at 690–95, 98 S.Ct. at 2035–38. The complaint does not allege that Baltimore County had a policy or custom of training and supervising police officers in a way that was in fact inadequate or a policy or custom of instructing police officers to assault suspects. The complaint alleges only that Baltimore County inadequately trained and supervised Thompson

and instructed Thompson to assault suspects. The Second Circuit has held that:

> absent more evidence of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy could not ordinarily be inferred from a single incident of illegality such as a first arrest without probable cause or with excessive use of force.

*Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). *Accord Avery v. County of Burke*, 660 F.2d 111, 117 (4th Cir. 1981); *Marrero v. City of Hialeah*, 625 F.2d 499, 512 (5th Cir. 1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337. Therefore, the complaint fails to state a claim under § 1983.

Assuming *arguendo* that plaintiff's allegations as a whole could be read to allege a policy or custom of training and supervising police officers in a fashion that is inadequate because it fails to inform them of the proper method of arrest, Baltimore County would be entitled to summary judgment on the basis of Behan's unchallenged affidavit, which establishes that police officers are trained in the law of arrest and are specifically directed by a regulation not to use unnecessary force. These facts show that, far from having a policy that causes deprivations of constitutional rights such as that alleged here, Baltimore County has a policy designed to ensure that police officers know how to make legal arrests and do not use excessive force. *See Feldman v. City of New York*, 493 F.Supp. 537, 538–39 (S.D.N.Y.1980) (granting summary judgment to the City of New York and the Police Commissioner on the basis of an affidavit from the Chief of Personnel of the Police Department showing adequate training and supervising procedures, because even the most basic training is sufficient to inform police officers that it is not permissible to beat prisoners).

---

**2.** Once again, the Court finds the claim that the defendants actively instructed Thompson to assault citizens to be frivolous in the extreme.

CONTINUANCE PENDING DISCOVERY

█ Plaintiffs argue that summary judgment is inappropriate because they have not "had an opportunity to conduct discovery." F.R.Civ.P. 56(f) provides that a court may order a continuance to permit discovery if the party opposing a motion for summary judgment files an affidavit explaining why it cannot present by affidavit facts essential to its opposition to the motion. Where the period of discovery has not been "unduly short," the court may grant summary judgment against an opposing party who fails to file such an affidavit. *Human Resources Institute v. Blue Cross of Virginia*, 484 F.Supp. 520, 524 (E.D.Va. 1980). Moreover, several courts have held that when a party seeking to delay resolution of a motion for summary judgment pending further discovery has not diligently pursued prior opportunities to conduct discovery, it is appropriate to grant the motion for summary judgment. *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1322 (5th Cir. 1980); *Nickens v. White*, 622 F.2d 967, 971 (8th Cir.), *cert. denied*, 449 U.S. 1018, 101 S.Ct. 581, 66 L.Ed.2d 478 (1980). Plaintiffs have had ample opportunity to conduct discovery since they filed their complaint on July 22, 1981, yet they have undertaken no discovery and have not filed an explanatory affidavit pursuant to Rule 56. Therefore, the Court declines to grant plaintiffs a continuance pending discovery.

For the reasons stated herein, it is this 1st day of April, 1982, by the United States District Court for the District of Maryland, ORDERED:

That the motion of defendants Cornelius Behan and Baltimore County for summary judgment BE, and the same IS, hereby GRANTED.