**In re Michael G. HOLZINGER, Debtor.**

**Barry C. ARNDT, Plaintiff,**

v.

**Michael G. HOLZINGER, Defendant.**

**Bankruptcy No. 85–01420T.**

**Adv. No. 85–0776.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 18, 1988.

Randy A. Rabenold, Reading, Pa., for plaintiff.

Judith Jones, Lehigh Valley Legal Services, Allentown, Pa., for debtor-defendant.

Allen B. Goodman, Bethlehem, Pa., Trustee.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Debtor-defendant, Michael G. Holzinger ("debtor"), has filed a motion for summary judgment. The underlying complaint was filed by plaintiff, Barry C. Arndt ("plaintiff"), and seeks a determination that the debt owed to him by debtor is nondischargeable under 11 U.S.C. § 523(a)(6). A brief summary of the pertinent facts follows.

Prior to the commencement of debtor's bankruptcy action, plaintiff obtained a state court judgment against debtor and a co-defendant in the amount of $50,000.00, based upon an incident which occurred in March of 1980, when debtor shot and injured plaintiff. In a special jury verdict entered in the state court lawsuit, the jury found that debtor did not intentionally cause harm to plaintiff. Instead, the jury concluded that debtor recklessly caused harm to plaintiff.

Debtor's motion for summary judgment is based upon the state court special jury verdict and the doctrine of collateral estoppel.[1] Specifically, debtor argues that plaintiff should be precluded from litigating the issue of whether the debt owed to him is based upon a "willful and malicious" injury since the jury in the state court action found that debtor did not intentionally cause harm to plaintiff. For the reasons set forth hereafter, we deny debtor's motion for summary judgment.

---

1. In an attempt to clarify the collateral estoppel doctrine, the Third Circuit Court of Appeals has substituted the term "issue preclusion" for the term "collateral estoppel." *Gregory v. Chehi*, 843 F.2d 111, 115–116 (3rd Cir.1988). This approach was followed by our District Court in

*Blackman v. Gaebler (In re Gaebler)*, 88 B.R.62 (E.D.Pa.1988), *appeal docketed*, No. 88–2738 (3rd Cir. Aug. 15, 1988). Accordingly, we will hereafter use the term "issue preclusion" when referring to the collateral estoppel doctrine.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("F.R.C.P."),[2] a motion for summary judgment may be granted only "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. No. 56(c). Since summary judgment is a drastic remedy, it is axiomatic that the evidence must be viewed in the light most favorable to the non-moving party. Further, any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Rumchaks v. Pavelka (In re Pavelka)*, 79 B.R. 228 (Bankr.E.D.Pa.1987); *Wilmington Trust Company v. Behr (In re Behr)*, 42 B.R. 922, Bankr.L.Rep. ¶ 70,056 (Bankr.E.D.Pa.1984).

As indicated previously, the Third Circuit Court of Appeals has recently clarified the doctrine of issue preclusion in *Gregory v. Chehi*, 843 F.2d 111 (3rd Cir.1988). In *Gregory*, the Third Circuit noted that issue preclusion bars litigation only of an issue which is identical to that adjudicated in the prior action. The Third Circuit further stated that "[i]n issue preclusion cases ... the earlier judgment forecloses only a matter actually litigated and essential to the decision. The first judgment does not prevent reexamination of issues that might have been, but were not, litigated in the earlier action." *Id.* at 116. Accordingly, in order for the doctrine of issue preclusion to apply, the following elements must be established by the moving party:

(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3rd Cir.1976). *See also, In re Ross*, 602 F.2d 604, 608 (3rd Cir.1979).

Turning to the issue preclusion effect of the prior state court judgment on this § 523(a)(6) proceeding, we first note that the Third Circuit has cautioned that we must make a careful review of the entire record in the prior case before we decide whether issue preclusion should be applied. *In re Ross, supra*, 602 F.2d at 606, 608. Unfortunately, the only portions of the state court record with which we have been supplied are a copy of plaintiff's complaint filed in the state court action and a copy of the special jury verdict.[3] We have not been provided with certified copies of any other pleadings filed in the state court action, with a certified transcript of the state court trial or with a certified copy of the jury instructions read to the state court jury. Accordingly, we find that it is impossible for us to determine whether the parties actually litigated the issue of intent in the state court action, especially since plaintiff argues that the state court action was litigated as a negligence action. Hence, it is possible that plaintiff did not attempt to prove, and the parties did not actually litigate, the issue of whether debtor acted intentionally (as opposed to negligently) when he shot plaintiff. Furthermore, we can not conclude with certainty that the jury's finding regarding the lack of intent was essential to the judgment. If the state court action was litigated as a negligence action, as plaintiff argues and debtor has failed to refute, then it was not essential that the jury determine whether debtor acted intentionally. A finding of negligence would have been sufficient. Finally, even if the issue of intent was actual-

---

**2.** F.R.C.P. No. 56(c) is made applicable to bankruptcy proceedings by N.B.R. 7056.

**3.** Debtor supplied us with the copy of the special jury verdict and plaintiff supplied us with the copy of his state court complaint. We note that neither copies are certified copies, and therefore, a question could arise regarding their authenticity. *See Fisher v. Shamburg*, 624 F.2d 156, 162 n. 7 (10th Cir.1980); *Langston v. John-*

son, 478 F.2d 915, 918 n. 17 (D.C.Cir.1973); *Painter v. Baltimore County, Maryland*, 535 F.Supp. 321, 322 (D.Md.1982); *Raitport v. National Bureau of Standards*, 385 F.Supp. 1221, 1222 (E.D.Pa.1974). However, since neither party raised these issues, we will not address the question of whether these documents were properly admitted into the record.

ly litigated and the jury's finding regarding intent was essential to the judgment, we still can not determine, based upon the record of the state court action before us, whether the definition of intent applied by the jury in the state court action was identical to the definition of intent which must be applied in a § 523(a)(6) proceeding.[4] Since we do not know the basis for the jury's conclusion that debtor did not intentionally cause harm to plaintiff, we can not determine whether the issue which debtor seeks to preclude plaintiff from litigating in this § 523(a)(6) proceeding is identical to the issue actually litigated in the state court action.

For the foregoing reasons, we conclude that questions of material fact exist regarding whether the issue sought to be precluded is identical to the issue involved in the prior proceeding, whether that issue was actually litigated in the prior proceeding and whether the jury's determination regarding intent was essential to the state court judgment. Since the evidence must be viewed in the light favorable to plaintiff, as the non-moving party, we deny debtor's motion for summary judgment.

An appropriate order will follow.

---

**4.** In order to analyze the issue preclusion effect of the prior state court judgment on this § 523(a)(6) proceeding, we must identify the elements of a § 523(a)(6) action. We are guided by the recent decision of our District Court in *Blackman v. Gaebler (In re Gaebler)*, 88 B.R. 62, 65 (E.D.Pa.1988), *appeal docketed*, No. 88–2738 (3rd Cir. Aug. 15, 1988), which held that a creditor must establish that the debtor intentionally committed an act, without just cause or excuse, which necessarily produces injury to establish a case under § 523(a)(6). The District Court further held that a creditor need not prove that the debtor acted with the specific intent of harming him in order for the debt to be found nondischargeable under § 523(a)(6). *Id.* at 64–65. Hence, if the jury was instructed that they could only conclude that debtor acted intentionally if they found that debtor acted with the specific intent of harming plaintiff, it would be clear that the definition of intent applied by the jury was not identical to the definition of intent which must be applied in a § 523(a)(6) proceeding. Since we were not provided with a certified copy of the instructions read to the jury, we can not ascertain the basis for the jury's finding that debtor did not intentionally cause harm to plaintiff, and therefore, we can not determine whether the issue sought to be precluded is the same as that litigated in the state court action.