464 So.2d 687 (1985)
Dominick J. SALFI, Appellant,
v.
Laurel K. ISING, Appellee.
No. 84-776.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
*688 Mark P. Rabinowitz, Altamonte Springs, for appellant.
Laurel K. Ising, pro se.
DAUKSCH, Judge.
This is an appeal from an order denying attorney's fees. Appellant is a circuit judge who was sued by appellee for damages and injunctive relief.
Appellee alleged in her complaint that appellant had exceeded his judicial authority and his actions had caused her to lose money and property. The complaint was filed without an attorney and is not in form or substance sufficient to support a cause of action in law or equity. The attorney general of the State of Florida, on appellant's behalf filed a motion to dismiss. At the hearing on the motion to dismiss a W.J. Heffernan of the law firm of Heffernan Rabinowitz appeared and stated:
And we would join with the Attorney General's motion for dismissal. As a matter of fact we prepared one that parroted his and we felt that it was appropriate in an effort to keep the documents uncluttered in the court file by simply joining ore tenus in the Motion to Dismiss.
The assistant attorney general then made an oral argument in support of his motion to dismiss and by way of additional argument Mr. Heffernan said "We would certainly adopt the arguments of the Attorney General ... and ask the court to dismiss on behalf of Judge Salfi individually." He also asked for attorney's fees under Chapter 57.105[1] "... on the basis this is a frivolous and groundless lawsuit ..." Some other arguments were advanced by Mr. Heffernan in rebuttal to appellee's arguments and then the judge ruled. He found that the appellant was protected by judicial immunity and granted the motion to dismiss. He also found that
As to attorney fees, I'd like to say again that Judge Salfi had the right to be represented by the attorney general. There are no other provisions by law which, which allow for the retention of private counsel, unless it's at his own expense. He, with all due respect to Mr. Rabinowitz' office, he was not necessary here. One lawyer was sufficient to represent Judge Salfi. The law thought that when they said that the Attorney General ... shall be appointed. Now if the Judge opted to get additional counsel, that's his expense and his luxury, but Mrs. Ising should not be made to pay two attorney fees when the Defendant is not paying the Attorney General and the other counsel was simply not necessary here.
Judicial immunity is absolute in actions for damages, except when a judge acts in the clear absence of jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) rein. den., 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); Berry v. State, 400 So.2d 80 (Fla. 4th DCA 1981) petition den., 411 So.2d 380 (Fla. 1981). Such was not the case here, and although the complaint alleges in conclusory language only, that "Said acts were committed in knowing violation of Due Process of Law, Fundamental Fairness and established judicial procedure and therefor (sic) outside the scope of authority bestowed upon him by his office" there were no facts alleged which support any claim for relief based upon injury suffered as a result of his acting in the absence of jurisdiction. The complaint was insufficient to state a cause of action and failed to allege *689 any facts to show an absence of judicial immunity. It was properly dismissed.
As a circuit judge appellant is entitled to free representation by the attorney general. He availed himself of that right.[2] He also chose to have another lawyer come with him to orally join in the motion to dismiss and otherwise argue. Assuming for the sake of appellant's argument that the complaint was frivolous this does not entitle appellant to an attorney fee for his other counsel. Merely "parrotting", to use his own words, the other attorney's motion is not substantial enough to warrant the award of a fee. Being sued is a hazard we all face and those of us who occupy judicial or other governmental office enjoy free counsel, if we want, when sued in our official capacity. We do not suggest that appellant could not have his own lawyer present and based upon the language in the complaint, albeit legally inadequate, perhaps he thought it best. To hire, or have present, another lawyer who does nothing of substance does not entitle one to a fee from the opponent under section 57.105.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] § 57.105, Fla. Stat. (1983) states:

Attorney's fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
[2] No issue is raised on appeal as to the entitlement of the Attorney General to attorney's fees under § 57.105.