RYDER, Judge.
Linda M. Boczar, M.D. challenges the trial court’s order denying her motion for attorney’s fees. We reverse.
Appellee, David Glendening, was arrested, tried and convicted of sexual battery on a person under eleven years of age and sentenced to life imprisonment with a minimum mandatory sentence of twenty-five years. On appeal, this court affirmed his conviction. See Glendening v. State, 503 So.2d 335 (Fla. 2d DCA 1987). Thereafter, Glendening filed a medical malpractice action against Boczar, alleging that Boczar was negligent in examining his three-year-old daughter.
The trial court granted final summary judgment in favor of Boczar, specifically finding that Boczar had judicial immunity from civil prosecution because her examination and subsequent statements were made in the course of the judicial proceedings involving Glendening as a defendant in criminal proceedings; that Boczar had no legal duty to Glendening since her examination was performed upon Glenden-ing’s daughter; that Boczar had statutory immunity from civil liability under the provisions of sections 415.502 through 415.514, Florida Statutes (1987).
Upon appeal of the final summary judgment, we affirmed and granted attorney’s fees. The amount of the fees were to be set by the trial court. After a hearing on attorney’s fees, the trial judge entered an order denying attorney’s fees.
In order for a trial court to award attorney’s fees pursuant to section 57.105, Florida Statutes (1987), the court must find a “complete absence of a justiciable issue of either law or fact raised by the losing party.” Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982). Attorney’s fees are awardable when the “action is so clearly devoid of merit both on the facts and the law as to be completely untenable.” Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980) (emphasis in original). See also State, Department of Health and Rehabilitative Services v. Thompson, 552 So.2d 318 (Fla. 2d DCA 1989); Brinson v. Creative Aluminum Products, Inc., 519 So.2d 59 (Fla. 2d DCA 1988).
Section 415.511, Florida Statutes (1987), specifically grants immunity from civil liability to any person acting in good faith, as required by sections 415.502—415.514, Florida Statutes (1987). The absence of good faith was never an issue in this case; therefore, the immunity here is absolute. The intent of the immunity statute is for the protection of the child to insure that doctors and others are freely willing and able to bring people to justice. Section 415.504(1) mandates that a report be made when one knows “or has reasonable cause to suspect” that a child is being abused. If the doctors and others do not report such suspicions, they render themselves liable for criminal prosecution and could be guilty of a second degree misdemeanor. § 415.513, Fla.Stat. (1987).
The public policy of this state is to protect these people, as enumerated by the legislature in the statute. Because the legislature granted complete immunity, the case should never have been filed, because there is a complete absence of any justicia-ble issue of either law or fact. Whitten.
The decision below is reversed and remanded. Upon remand, the trial court shall order an award of attorney’s fees for services rendered on both trial and appeal.
CAMPBELL, C.J., and LEHAN, J. concur.