PADOVANO, J.,
concurring.
Although I agree that the complaint was timely, I believe that it is barred, in any event, by judicial immunity. I join in the decision to reverse only because the appellant has not yet been afforded an opportunity to avoid the judicial immunity issue by amending the complaint.
The essence of the appellant’s claim is that the Department of Children and Family Services was negligent in allowing the court to transfer custody of the child to her natural mother. This claim is stated in paragraph 15 of the first amended complaint in the following language:
15. The Defendant formerly HRS, permitted: without objection, the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, to enter an Order Changing Temporary legal Custody, which Order granted to the natural mother, GWENDOLYN CUNNINGHAM, the care custody and control of the decedent, CALESHA D. CUNNINGHAM, even though TONEY DAVIS was known to still reside with the natural mother.
The appellant explained in paragraph 17 that the Department was negligent in allowing the change of custody because it knew or should have known that Toney Davis had violent propensities.
These allegations led us to question whether the Department or any of its case workers could ever be liable for the consequences of a custody order entered by a judge. We asked the parties to file supplemental briefs on the applicability of judicial immunity, and they have now fully addressed the issue. When we requested supplemental briefing, we considered the possibility that the order dismissing the complaint might be affirmed for a reason other than that given by the trial judge.
Judges have absolute immunity from suits for damages for actions performed in their official capacities unless they have acted in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *918 Johnson v. Harris, 645 So.2d 96 (Fla. 5th DCA 1994); Salfi v. Ising, 464 So.2d 687 (Fla. 5th DCA 1985). A judge cannot be sued for making a decision on the ground that the decision was unwise or even on the ground that it was made recklessly or maliciously. See Sparkman. The purpose of affording judges immunity for acts performed in their official capacities is to protect the independence of the judiciary in the decision making process. See Limehouse v. Whittemore, 773 So.2d 86 (Fla. 2d DCA 2000).
The policies that justify a grant of absolute immunity for judges apply as well to non-judicial officers who perform judicial functions. See Office of the State Attorney, Fourth Judicial Circuit v. Parrotino, 628 So.2d 1097 (Fla.1993). Hence, the immunity that is afforded to a judge extends to a person who acts as an arm of the court by performing a task that is essential to the judicial process. See Andrews v. Florida Parole Comm’n, 768 So.2d 1257 (Fla. 1st DCA 2000) (holding that the parole commission acted within the scope of its quasi-judicial duties and therefore had judicial immunity when it placed an inmate on conditional release); Boczar v. Glendening, 555 So.2d 1286 (Fla. 2d DCA 1990) (noting that a physician enjoyed judicial immunity from a claim of medical negligence in examining a child victim because the examination was made in the course of a judicial proceeding); Zock v. Miller, 505 So.2d 18 (Fla. 3d DCA 1987) (holding that a court-appointed psychiatrist enjoys quasi-judicial immunity).
Social workers perform some duties that are essential to the judicial function and are therefore protected by judicial immunity. For example, a parent cannot maintain a suit against a social worker for initiating a child dependency petition, even if the petition proves to be unfounded. In this context, the filing of a dependency petition is like the filing of a criminal charge. A social worker who acts on behalf of the state is in the same position as a prosecutor, and is entitled to the same kind of immunity for performing a quasi-judicial function. See Coverdell v. Department of Soc. and Health Servs., State of Washington, 834 F.2d 758 (9th Cir.1987) (holding that social workers are entitled to absolute immunity in performing quasi-prosecutorial functions in the filing and pursuit of child dependency petitions); Mazor v. Shelton, 637 F.Supp. 330 (N.D.Cal.1986) (noting that the role of a social worker is sufficiently analogous to the role of a prosecutor to warrant absolute immunity). These decisions make it clear that the Department cannot be liable to the appellant merely because it “permitted” the court to enter the custody order that led to the child’s death.
Nor can the Department be liable to the appellant on the ground that its case workers sought to enforce the custody order. As the court explained in Coverdell, judicial immunity extends to a social services worker who executes an order to transfer custody. This view has been accepted by other courts addressing the issue. See H.B. v. State of Indiana-Elkhart Div. of Family & Children, 713 N.E.2d 300 (Ind.Ct.App.1999) (holding that social workers were immune from suit because they acted pursuant to a custody order); Adams v. Arizona, 185 Ariz. 440, 916 P.2d 1156 (Ct.App.1995) (acknowledging that adoption case workers would have been entitled to judicial immunity had they acted pursuant to a court order in transferring custody).
In the suit filed here, the appellant seeks to hold the Department responsible for a decision made by the court. Stripped of its conclusory language, the amended complaint merely alleges that the Department agreed to a transfer of custody and then sought to enforce the custody *919 order once it had been entered. In these actions, the Department and its case workers are protected by absolute judicial immunity. It would make little sense to hold that social workers can be responsible for the consequences of a custody order they are bound to enforce when the judge who entered the order is absolutely immune from liability. If a judge cannot be held liable for injury caused by an order transferring custody, then surely a social worker cannot be liable for requesting the order or carrying it out. In fact, a good argument could be made that the Department and its case workers might be liable for failing to carry out the order.
The amended complaint does allege in paragraph 19 that the Department negligently supervised the new custody arrangement, but this statement is merely a conclusion unsupported by any allegation of fact. Rule 1.110(b)(2) of the Florida Rules of Civil Procedure provides that a complaint must include “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief It is not enough merely to advise the defendant of the theory of the action. Here, the amended complaint does no more than to repeat the phrase “negligent supervision.”
In summary, I believe that the appellant’s claim as presently alleged is barred by judicial immunity. I join in the reversal of the order only because the dismissal was with prejudice and the appellant has not yet been afforded an opportunity to address the judicial immunity issue at the trial level.