Joseph H. WALKER, Plaintiff,

v.

UNIVERSITY OF PITTSBURGH, Wesley W. Posvar, Joseph A. Dutton, Myron Skrabut, and Charles Graham, Defendants.

Civ. A. No. 78–441.

United States District Court,
W. D. Pennsylvania.

Oct. 13, 1978.

Michael P. Lesniak, Coraopolis, Pa., for plaintiff.

James J. Restivo, Jr., Pittsburgh, Pa., for defendants.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This is a civil action for compensatory and punitive damages against the University of Pittsburgh and four of its administrators, including Wesley W. Posvar, the Chancellor of the University. Presently before the court is a motion to dismiss the complaint for failure to state a claim against the Chancellor upon which relief can be granted.

Joseph H. Walker was employed as a campus police officer by the University of Pittsburgh from September 9, 1974 until his discharge on June 30, 1976. Plaintiff contends that he was discharged for exercising his First Amendment rights after he authored a memorandum concerning possible ways of increasing the efficiency of the University police department.[1] He further avers constitutional transgressions when he was denied formal grievance procedures allegedly accorded employees of similar rank.[2]

Following meetings with defendants Dutton and Skrabut, and unsuccessful attempts to require submission of the discharge to the grievance procedures, Walker secured an appointment with Dr. Edward Bozin, an assistant to the Chancellor. Dr. Bozin ad-

vised plaintiff that the grievance procedures were inapplicable, and the Chancellor was unable to meet with him.

Plaintiff asserts five claims against all defendants:

(1) Count I alleges violation of 42 U.S.C. § 1988 in that the dismissal constituted retaliation for exercise of First Amendment rights;

(2) Count II alleges violation of 42 U.S.C. § 1983 in that plaintiff was dismissed without due process of law;

(3) Counts III and V allege that defendant breached an employment contract with plaintiff; and

(4) Count IV alleges the tort of wrongful discharge.

We hold that plaintiff has failed to state a claim upon which relief can be granted, and the complaint against the Chancellor must be dismissed.

### II. *Discussion*

Section 1983 of 42 U.S.C. provides that a citizen, whose constitutional rights have been violated, may sue a state official for redress.[3] However, unless the official has actual knowledge of and acquiesced in the constitutional deprivation, personal liability does not attach. *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077 (3d Cir. 1976); *Goode v. Rizzo,* 506 F.2d 542, 550 (3d Cir. 1974), *rev'd on other grounds,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). A state official is immune from liability under § 1983 unless:

(H)e knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the (plaintiff), or . . . he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the (plaintiff). *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975).

---

1. See paragraph 17 of plaintiff's complaint.

2. See paragraphs 13, 15 and 16 of plaintiff's complaint.

3. For purposes of this motion only, we will assume that plaintiff's dismissal constituted state action. *See, Braden v. University of Pittsburgh,* 552 F.2d 948 (3d Cir. 1977).

Furthermore, a state official cannot be held vicariously liable on the grounds of *respondeat superior* for the torts of subordinates. *Hampton v. Holmesburg Prison Officials, supra.*

■ In the instant case, the complaint against Chancellor Posvar fails to allege: (1) actual knowledge that the dismissal violated Walker's constitutional rights; (2) actual participation or acquiescence in the decision to dismiss plaintiff, or (3) intentional or malicious deprivation of plaintiff's constitutional rights. Thus, the first two counts against this party must be dismissed.

Our conclusion is buttressed by the decisions of the Court of Appeals which holds that complaints in such cases must be specifically pleaded to withstand dismissal. *See, e. g., Kauffman v. Moss,* 420 F.2d 1270 (3d Cir. 1970), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84; *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967); *U. S. v. Bolsinger,* 211 F.Supp. 199 (W.D.Pa.), *aff'd per curiam,* 311 F.2d 215 (3d Cir. 1962), *cert. denied,* 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735. This apparent exception to notice pleading is derived from the volume of such cases, and the need to eliminate unsubstantiated complaints to permit expeditious and just resolution of legitimate claims. *Kauffman v. Moss,* 420 F.2d 1270, 1276, n. 15 (3d Cir. 1970).

■ Counts III and V allege breach of a contract of employment with the University. However, Walker does not aver that the Chancellor was involved in the hiring of plaintiff. Even assuming such involvement, the Chancellor is not personally liable on a contract entered into on behalf of a disclosed principal, i. e., the University of Pittsburgh, unless the agent agrees to be liable. Restatement (Second) of Agency § 320 (1958); *Revere Press, Inc., v. Blumberg,* 431 Pa. 370, 246 A.2d 407 (1968). Accordingly, the Chancellor cannot be liable for breach of plaintiff's alleged employment contract with the University and Counts III and V must be dismissed.

■ Count IV alleges the tort of wrongful discharge. Inasmuch as Pennsylvania does not recognize the tort of malicious and wrongful dismissal, *Geary v. U. S. Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974), plaintiff's fourth count must also be dismissed. *See, Thornton v. Milevin & Co.,* No. 77–1509, slip op. at 7 (E.D.Pa. April 7, 1978).

For the foregoing reasons, the complaint against Chancellor Posvar must be dismissed.