Johnny DUNCAN, Plaintiff-Appellee,

v.

Frank E. EDWARDS, Sheriff,
Tangipahoa Parish, et al.,
Defendants-Appellants.

No. 78–2680
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 31, 1979.

Ben W. Lightfoot, Baton Rouge, La., for defendants-appellants.

Scheurmann & Jones, Lawrence Blake Jones, New Orleans, La., for plaintiff-appellee.

Before GOLDBERG, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 (1976) civil rights action for false arrest and imprisonment (in a local jail for one day), the district court, following a bench trial, held the Sheriff of Tangipahoa Parish, Louisiana, and three of his deputies liable and entered judgment against them, jointly, for $1,000 (in compensatory and punitive damages), together with costs and attorney's fees. The court correctly found that the warrantless arrest and jailing of the plaintiff, Duncan, were accomplished by deputy Dykes under the direction of deputy Binder without probable cause and with reckless disregard for the plaintiff's civil rights; consequently, we affirm the judgment as to them.

As to deputy Carr, however we are unable to discern any evidence in this record

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

indicating that he participated in the unlawful seizure and incarceration. Moreover, the district court made no finding that he was so involved. The judgment as to deputy Carr therefore must be set aside.

The district court likewise made no findings as to the basis of the Sheriff's liability. Under Louisiana law, "(t)he relationship between the sheriff and his deputies is neither master-servant, nor principal-agent, and the sheriff's liability is not based on the doctrine of *respondeat superior .  . but it is, nevertheless, a form of limited vicarious liability." *Baskin v. Parker*, 588 F.2d 965, 968 (5th Cir. 1979). "[A] sheriff (is) personally liable for those acts of his deputies that he directs and that occur in his presence." *Id.* This liability encompasses both compensatory as well as punitive damages. If the basis of liability is vicarious only, however, the Sheriff cannot be held for punitive damages under Louisiana law or 42 U.S.C. § 1983 (1976). *Id.* at 969. A limited remand is in order so that specific findings of fact and conclusions of law can be made as to the basis of the Sheriff's liability.

In sum, the judgment of the district court is AFFIRMED as to the appellants Dykes and Binder and REVERSED as to appellant Carr. While retaining jurisdiction over the cause, we remand the case to the district court for the limited purpose of dismissing the case against appellant Carr and entering findings of fact and conclusions of law as to appellant Edwards. We direct that the district court make its findings and conclusions within 60 days and certify the record thereof to us.

IT IS SO ORDERED.