**James CARR, Jr., Plaintiff,**

v.

**Grady BELL, Theron Cook, and Johnny Huckaby, Defendants.**

No. 78–0291.

United States District Court,
N. D. Florida,
Panama City Division.

June 18, 1980.

Robert L. Hinkle, Tallahassee, Fla., for plaintiff.

Julius F. Parker, Jr., Tallahassee, Fla., for defendants.

## MEMORANDUM OPINION

HIGBY, District Judge.

James Carr's *pro se*[1] complaint stated a cause of action under Title 42, United States Code, Section 1983, for violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment. Basically two theories of liability were set forth. One was that the Defendants were liable for his allegedly illegal arrest on February 23, 1975. The other was that the Defendants were liable because the statute Mr. Carr was arrested for violating was unconstitutional.[2] I resolve this dispute upon the first theory and therefore need not address the effect of the statute's unconstitutionality.

Mr. Carr, on February 23, 1975, was a member of the Cypress Creek Baptist Church and a Deacon in the Salem Freewill Baptist Association to which the church belonged. That Sunday, as was his habit when he was in the area, Mr. Carr attended services at the Cypress Creek Baptist Church. After services the church-goers gathered on the lawn for "fellowship."

Mr. Carr's ex-wife Rebecca was also in the Cypress Creek Baptist Church on February 23, 1975. The Carrs had been divorced several years earlier. To describe the divorce and their relationship subsequent to the divorce as unpleasant would indeed be charitable. Mrs. Carr had custody of the children. Mr. Carr believed Mrs. Carr was alienating the children from him and interfering with his visitation rights. She did not believe he was quite sane. Several times she brought legal actions against him alleging nonpayment of child support.

Sunday, the 23d, Mr. Carr spoke briefly to Mrs. Carr inside the church. After services Mr. Carr saw Mrs. Carr sitting in a car outside the church with their children. Mr. Carr walked to the car to speak to them. Speaking first to his former wife, he said, "Apparently you don't need support. I see you got a new car." Mrs. Carr rushed from the vehicle back into the church.

She returned shortly with Reverend Chester Huckaby. Defendants Grady Bell and Johnny Huckaby were following closely. Reverend Huckaby immediately grabbed Mr. Carr's belt, pushed him back against the car, and began shaking him. Mr. Carr, understandably, objected. He did

1. After pre-trial conference, I appointed an attorney to represent Mr. Carr. Rulings upon various motions to dismiss and liberal interpretation of the complaint had by that time established the nature of this action.

2. On November 14, 1974, an identical earlier version of the statute, Section 877.03, Florida Statutes (1973), was ruled unconstitutional. *Wiegand v. Seaver*, 504 F.2d 303 (5th Cir. 1974).

not, however, before or after Reverend Huckaby accosted him, curse, make threats, or lift a hand against a soul.

Deputy Bell knew the Carrs and their history. He terminated Reverend Huckaby's attack upon Mr. Carr by arresting Mr. Carr for disorderly conduct. He did not advise Mr. Carr of his constitutional rights. Without so much as granting Mr. Carr's request to retrieve his bible, Deputy Bell placed him in his car and took him to the Washington County Jail where Mr. Carr spent the night.

At Deputy Bell's request, Johnny Huckaby accompanied him. Johnny Huckaby did not take an active part in the proceedings. But Mr. Huckaby signed a sworn complaint stating Mr. Carr threatened Reverend Huckaby, Mrs. Carr, and the church's music director. That statement was false.

Sometime late the afternoon of the 23d or early in the evening, Sheriff Theron Cook learned Mr. Carr had been arrested. He did not know why. Sheriff Cook took no steps toward releasing Carr.

At arraignments the following morning, Judge Bailey advised Mr. Carr of his rights and the charges against him and set bail. Later during the prosecution Mr. Carr was involuntarily committed to a state mental hospital. After his return from the hospital, the court granted Mr. Carr's motion to dismiss the charge of disorderly conduct.

On February 23, 1975, Grady Bell was a sworn and bonded but unpaid Deputy Sheriff whom Sheriff Cook had deputized. The evidence of Sheriff Cook's investigation and training of Deputy Bell is sufficient only for general findings. Grady Bell had not finished high school or received post-high school education. He also never received formal law enforcement training. Sheriff Cook did not give Deputy Bell tests before deputizing him. But Sheriff Cook investigated his background and had known Deputy Bell for 12 years when he deputized him. Once or twice a week Sheriff Cook required Deputy Bell to accompany him or another deputy during their duties. These times were essentially training periods. Sheriff Cook met, as the occasion demanded, with Deputy Bell and other deputies to advise them of developments in law enforcement and changes in the law. At the time of Mr. Carr's arrest, Sheriff Cook was not aware of any court opinion invalidating Florida's disorderly conduct statute.

■ To prove a right to recover under § 1983 a plaintiff must prove that a defendant has deprived him of a right secured by the Constitution and laws of the United States and that the defendant acted under color of law. *See, e. g., Adickes v. S. H. Kress and Company*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Mr. Carr has alleged his arrest was without probable cause. Arrest without probable cause is a denial of due process. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Duncan v. Edwards*, 600 F.2d 1069 (5th Cir. 1979); *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979), petition for cert. filed, —— U.S. ——, 100 S.Ct. 1868, 64 L.Ed.2d 214 (1979).

■ Putting the constitutionality of Florida's disorderly conduct statute, Section 877.03, Florida Statutes (1975), aside, Mr. Carr was arrested when Deputy Bell did not have and knew he did not have probable cause to believe the statute was being violated. At the time, the statute read:

877.03  Breach of the peace; disorderly conduct

Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.-082 or § 775.083.

Mr. Carr's behavior was obviously not prohibited by the statute. The settled law in Florida was that a violation of the statute "requires more than the creation of a mere annoyance." *Gonzales v. City of Belle Glade*, 287 So.2d 669, 670 (Fla.1973). *See also, In re Fuller*, 255 So.2d 1 (Fla.1971);

*City of St. Petersburg v. Calbeck*, 114 So.2d 316 (Fla. 2d D.C.A. 1959). Far from being disorderly, Mr. Carr was, if anything, the victim of a crime not a perpetrator.

Deputy Bell knew Mr. Carr's conduct was not criminal. Deputy Bell arrested Mr. Carr because Mr. Carr was unpopular in that community and because Deputy Bell sided with Reverend Huckaby. Mr. Carr did not give Deputy Bell any reason to believe he was committing or was about to commit a crime.

There is no dispute that Deputy Bell's actions were under color of law. Mr. Carr has proven a right to recover damages from Deputy Bell under Section 1983.

Deputy Bell has raised and failed to prove the qualified immunity defense. His actions were deliberate, made with full knowledge that Mr. Carr was not breaking the law. He was not acting in good faith and is not protected by the qualified immunity of police officers. *See, Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

■■ Mr. Carr has not proven a right to recover from Sheriff Cook. A supervising official, such as Sheriff Cook, may not be held liable under Section 1983 on a respondeat superior or vicarious liability theory. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Thompson v. Bass*, 616 F.2d 1259 (5th Cir. 1980); *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979). An official is liable however for his personal actions. *Id.* Sheriff Cook was not personally involved in Mr. Carr's arrest and imprisonment and knew nothing of the events leading to the disorderly conduct charge. His liability can only be established by showing his selection, training or supervision of Deputy Bell was so inadequate it amounted to a causal factor in Deputy Bell's actions. *See, Taken Alive v. Litzau*, 551 F.2d 196 (8th Cir. 1977); *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976);

*Chestnut v. City of Quincy*, 513 F.2d 91 (5th Cir. 1975); *Roberts v. Williams*, 456 F.2d 819 (5th Cir. 1971), *cert. den.*, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971).

Mr. Carr has not shown previous incidents, as in *Norton v. McKeon*, 444 F.Supp. 384 (E.D.Pa.1977), *aff'd*, 601 F.2d 575 (3d Cir. 1979), which should have alerted Sheriff Cook to the possibility Deputy Bell would misuse his authority. Neither has he shown Deputy Bell's training was negligently inadequate or there were reasons Sheriff Cook failed to uncover which made Deputy Bell unfit for his position and which contributed to Mr. Carr's illegal arrest.[3] At best the evidence on this issue is sketchy. Also, the record does not show any standards to gauge Sheriff Cook's investigation and training of Deputy Bell. The evidence before the court does not support a finding for Mr. Carr against Sheriff Cook.

■ For the reasons already set forth a deprivation of a right guaranteed by the Constitution of the United States has already been proven. Two additional issues must be resolved to determine if Johnny Huckaby is liable to Mr. Carr for the illegal arrest and the following incarceration.

The first is whether Mr. Huckaby's actions caused the deprivation of Mr. Carr's rights. I find they did. Although Mr. Huckaby did not take Mr. Carr into custody, he swore to the false complaint. Florida allows prosecution of a misdemeanor by complaint made upon an affidavit. § 34.13(4), Fla.Stat. (1975). Mr. Huckaby's complaint was the document charging Mr. Carr and therefore a cause of his incarceration on February 24, 1975, although not a cause of the arrest which was solely Deputy Bell's doing.

The second issue is whether Mr. Huckaby's actions were under color of law. A private citizen's actions may be under color of law if the private citizen is acting in concert with a public official to work the

---

**3.** The insufficiency of the evidence here is emphasized by comparison to *Roberts v. Williams*, 456 F.2d 819 (5th Cir. 1971), *cert. den.*, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971). There the supervisor's selection and training of a pris-

on guard resulted in a constitutional deprivation. But the guard had only a fourth grade education, was a prisoner himself, was given a loaded shotgun, and received no training in the weapon's use.

deprivation. *Adickes v. S. H. Kress and Company*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978); *modified*, 583 F.2d 779 (5th Cir. 1978); *overruled on other grounds, Sparks v. Duval Ranch Co., Inc.*, 604 F.2d 976 (5th Cir. 1979); *Mizell v. North Broward Hospital District*, 427 F.2d 468 (5th Cir. 1970); *Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd* 480 F.2d 805 (5th Cir. 1973). The evidence in this case shows Deputy Bell and Johnny Huckaby reached an agreement, spoken or unspoken, to present the occurrences at the Cypress Creek Baptist Church incorrectly and in such a manner that Mr. Carr would be jailed and prosecuted for actions he never took. Mr. Carr has proven his case against Johnny Huckaby.

Trial on the liability issues resolved in this opinion was before the court. A jury trial on damages will be set.