474 So.2d 376 (1985)
Winston LLOYD, Appellant,
v.
Henry HINES, Julius Booth, Clyde Davis, Don O. Quinn & R.W. Dougherty, Appellees.
No. BA-152.
District Court of Appeal of Florida, First District.
August 13, 1985.
Rehearing Denied September 11, 1985.
*377 Winston Lloyd, in pro. per., for appellant.
Gayle Smith Swedmark of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellees Hines, Booth and Dougherty.
Jim Smith, Atty. Gen. and Kent A. Zaiser, Asst. Atty. Gen., for appellees Davis and Quinn.
ERVIN, Judge.
Appellant appeals an order dismissing with prejudice his pro se second amended complaint. We affirm in part, and reverse in part.
On March 15, 1984, appellant filed an amended complaint in circuit court based on events surrounding his 1980 arrest on 30 felony charges[1] and subsequent trial in Nassau County. The amended complaint asserted jurisdiction pursuant to 42 U.S.C. § 1983 and sued appellees in their individual and the following official capacities: Henry Hines and Julius Booth, as deputy sheriffs of Nassau County; R.W. Dougherty, as sheriff of Nassau County; Clyde Davis, as assistant state attorney; and Don O. Quinn, as a Florida Department of Law Enforcement (FDLE) lab analyst. The amended complaint sought compensatory and punitive damages, a declaratory judgment that appellees' actions violated appellant's civil rights, and a permanent injunction requiring Sheriff Dougherty to instruct and train his deputy sheriffs in making constitutional arrests.
The trial court granted appellees' motions to dismiss, but allowed appellant 20 days to file a second amended complaint. After appellant timely filed a second amended complaint, all appellees filed motions to dismiss for failure to state a cause of action. On July 3, 1984, the court found that the second amended complaint was "essentially a copy" of the amended complaint which the court had previously found to be "legally deficient", and dismissed with prejudice appellant's second amended complaint.
Taking the appellees separately, we begin with Assistant State Attorney Davis, whom appellant charged, somewhat inartfully, with malicious prosecution, false imprisonment and conspiracy under color of state law to deprive appellant of his constitutional rights. Specifically, appellant alleges that Davis maliciously used tampered evidence and perjured testimony, and maliciously *378 filed charges without jurisdiction. Initially we observe that because appellant alleged that Davis had acted with a malicious purpose or in bad faith, a tort action against the appropriate governmental entity or the head of such entity was not appellant's exclusive remedy. § 768.28(9)(a), Fla. Stat.
In 42 U.S.C. § 1983 actions, state prosecutors are entitled to absolute immunity when they perform their quasi-judicial functions of initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Marrero v. City of Hialeah, 625 F.2d 499 (5th Cir.), cert. den., 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1980). Since Davis' alleged actions in the case at bar constitute prosecutorial  not investigative or administrative  misconduct, absolute immunity must attach. See e.g., Lee v. Willins, 617 F.2d 320 (2d Cir.1980) (falsification of evidence and coercion of perjured testimony); Henzel v. Gerstein, 608 F.2d 654 (5th Cir.1979) (charges filed without jurisdiction, perjured testimony offered, and exculpatory evidence suppressed); Brawer v. Horowitz, 535 F.2d 830 (3d Cir.1976) (conspiracy with a witness to use perjured testimony and to conceal exculpatory evidence). Under the same rationale, Davis also enjoys immunity from damages for his alleged acts under Florida tort law. Berry v. State, 400 So.2d 80, 84 (Fla. 4th DCA 1981); Weston v. State, 373 So.2d 701, 703 (Fla. 1st DCA 1979). Thus, the trial court properly dismissed appellant's cause of action against Davis.
Next, we turn to the allegations against FDLE agent Quinn. Appellant alleges that Quinn maliciously conspired with Hines and Davis to bring contempt of court charges against appellant by testifying that appellant would not submit a handwriting sample to the court for analysis by Quinn relating to forgery charges. Appellant claims he served six months in jail for contempt of court.[2] As best we can determine from his pro se pleading, appellant attempted to charge Quinn with malicious prosecution and false imprisonment. As a witness in a criminal trial, Quinn is absolutely immune from civil liability for his testimony, under both common law and § 1983. Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108; 75 L.Ed.2d 96 (1983). Appellant's reply brief, however, refutes the implication in the second amended complaint and Quinn's assertion that appellant sued Quinn for his testimony as a witness. Therefore only the conspiracy allegations, which are vague, unsupported by any description of particular overt acts, and conclusory, remain against Quinn. Under the circumstances, the trial court properly dismissed the cause against Quinn. See Florida Rule of Civil Procedure 1.110(b); Sommer v. Dixon, 709 F.2d 173 (2d Cir.1983); Guedry v. Ford, 431 F.2d 660 (5th Cir.1970).
Next, we turn to appellant's allegations against Deputy Sheriffs Hines and Booth, which include charges of arrest without probable cause, false imprisonment and malicious prosecution. Specifically, appellant charges that Booth and Hines replaced grass that appellant had sold to an undercover agent with cannabis, and used that cannabis to arrest appellant and file charges against him. As with appellee Davis, since the second amended complaint *379 alleges acts which were committed maliciously or in bad faith, section 768.28 does not provide appellant's exclusive remedy. § 768.28(9)(a).
Appellant has not alleged that Hines and Booth arrested him without a warrant or that he did not have a probable cause hearing. In a recent en banc opinion, this court held that "in a malicious prosecution suit a presumption arises from a magistrate's finding of probable cause for issuance of an arrest warrant which is conclusive, absent fraud or other corrupt means employed by the person initiating the prosecution." Burns v. GCC Beverages, Inc., 469 So.2d 806, 808 (Fla. 1st DCA 1985) (e.s.). Accepting all well-pleaded allegations as true, appellant has alleged that Hines and Booth, by "fraud or other corrupt means", arrested, imprisoned and maliciously prosecuted appellant. Therefore, we reverse dismissal of appellant's causes of action against Hines and Booth.
Finally, we address the allegations against Sheriff Dougherty. Appellant admits in his briefs that his only claim against Dougherty is pursuant to § 1983. A supervisory official, such as Dougherty, "may not be held liable under Section 1983 on a respondeat superior or vicarious liability theory." Carr v. Bell, 492 F. Supp. 832, 835 (N.D.Fla. 1980). Dougherty can be held liable, however, "for his personal actions." Id. Appellant has not alleged that Dougherty was directly involved in appellant's arrest, imprisonment or prosecution, but rather that "Dougherty was aware of ... [the] illegal acts" carried out by Hines and Booth. Assuming that allegation is true, as this court must in reviewing a dismissal of a complaint for failure to state a cause of action, that allegation by itself states a section 1983 cause of action against Dougherty. Actual knowledge by Dougherty of his deputies' unlawful actions is enough to subject him to section 1983 liability. See 492 F. Supp. at 835; Walker v. University of Pittsburgh, 457 F. Supp. 1000 (W.D.Pa. 1978). Therefore, we also reverse dismissal of appellant's cause of action against Dougherty. We hold, however, that appellant's request for a permanent injunction, requiring Dougherty to instruct and train his deputy sheriffs in making constitutional arrests, must fail since appellant has not alleged that Dougherty's selection, training or supervision of his deputies was so negligently inadequate that it amounted to a causal factor in their alleged actions against appellant. See Reimer v. Smith, 663 F.2d 1316 (5th Cir.1981); Painter v. Baltimore County, 535 F. Supp. 321 (D.Md. 1982).
To summarize, we affirm the dismissal of appellant's causes of action against appellees Davis and Quinn, but reverse the dismissal of appellant's causes of action against Hines, Booth and Dougherty.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Appellant alleges that 29 of the 30 charges filed against him were dismissed by the state attorney, and the remaining offense was terminated in appellant's favor by the jury's verdict of not guilty.
[2] These are the allegations against Quinn:

A-30. Defendant Don Quinn also in bad faith maliciously conspired with the Defendants Hines, and Davis by having Plaintiff held on a [sic] illegal contempt of court charge by him and Davis bring [sic] contempt of court charge to illegally hold Plaintiff in jail to stop Plaintiff from making bail after Plaintiff's bond were lower [sic].
A-31. Defendant Quinn, and Davis brought these charges (crump up) [sic] under court Order for a hand writing [sic] test on the illegal forgery charges Don Quinn, and Davis knew Plaintiff hand writing [sic] did not match the forgery charges that Plaintiff were charge [sic] with, Quinn and Davis told the court Plaintiff would not give his hand writing [sic] ability, therefore Quinn and Davis have never knew [sic] what Plaintiff [sic] hand writing [sic] ability was. Defendants knew that this act of contempt of court was illegal and was unconstitutionally carried out to hold Plaintiff for 6 months contempt of court in bad faith.