**Robert R. ROWE, Plaintiff,**

v.

**CITY OF FORT LAUDERDALE, et al., Defendants.**

**No. 97–6832–Civ.**

United States District Court, S.D. Florida.

May 6, 1998.

1370

Kenneth J. Kavanaugh, Ft. Lauderdale, FL, for plaintiff.

Dieter K. Gunther, Adorno & Zeder, Ft. Lauderdale, FL, Clark J. Cochran, Jr., Hal B. Anderson, Billing, Cochran, Heath, Lyles & Mauro, P.A., Ft. Lauderdale, FL, Bohdan Neswiacheny, Ft. Lauderdale, FL, Martin A. Feigenbaum, Joseph Kalbac, Kubicki Draper, Miami, FL, Maxine S. Ryan, Office of Attorney General, Civil Litigation Division, Ft. Lauderdale, FL, for defendants.

### OMNIBUS ORDER

HIGHSMITH, District Judge.

THIS MATTER comes before the Court upon the following motions: (1) Defendant Ledegang's Motion to Dismiss Count V of the Complaint; (2) Defendants State Attorney Michael Satz, Joel Lazarus, Florida Department of Children and Family Services and Sharon Anderson's Motion to Dismiss and Motion to Strike; (3) Defendant City of Fort Lauderdale's Motion to Dismiss Amended Complaint; (4) Defendant Ron Cochran's Motion to Dismiss; (5) Defendant Cynthia

Doss's Combined Motions to Dismiss, for More Definite Statement, and to Strike; and (6) Defendant Ron Cochran's Alternative Motion to Dismiss Amended Complaint for Failure to Substitute.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the Amended Complaint, in 1984 Rowe was investigated and charged in Broward County Circuit Court with capital sexual battery relating to his natural child ("the alleged victim"). Following a jury trial, Rowe was convicted and sentenced to life in prison. Thereafter, in July 1994, Rowe's conviction and sentence were apparently vacated after an evidentiary hearing relating to the denial of his constitutional rights. The State of Florida decided not to retry Rowe.

On or about September 10, 1997, Plaintiff Robert Rowe ("Rowe") filed the instant seven-count Amended Complaint against more than a dozen defendants. The first five of the seven counts are brought pursuant to 42 U.S.C. § 1983. The last two counts are brought pursuant to Florida law.

In Count I, Rowe asserts a claim against Defendant Ron Cochran ("Cochran"), Defendant City of Fort Lauderdale's ("the City") former Chief of Police.[1] In Count II, Rowe asserts a claim against the City. In Count III, Rowe asserts what appears to be a conspiracy claim against Defendant Police Officers, Assistant State Attorney Defendant Joel Lazarus ("Lazarus"), Defendant Sharon Anderson ("Anderson"), an employee of Defendant Florida Department of Children and Family Services ("FDCFS"), and Cynthia Rowe n/k/a Cynthia Doss ("Doss"), the alleged victim's mother. In Counts IV and V, Rowe asserts substantive and conspiracy claims (respectively) for malicious prosecution against Defendant Police Officer Sandra Ledegang ("Ledegang"), Lazarus, Anderson, and Doss. In Counts VI and VII, Rowe asserts state law claims of spoilation of evidence and negligent supervision and training (respectively) against the City, State Attorney Defendant Michael Satz ("Satz"), and FDCFS.

---

1. A Suggestion of Death was filed with regard to Cochran. Therefore, his motions to dismiss shall be administratively removed from the pending motions list and Count I, which relates only to him, is dismissed.

Currently, the Court addresses the various motions to dismiss and other related motions filed by the defendants.

## STANDARD OF REVIEW

██ To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Services, Inc.,* 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The moving party bears a heavy burden. *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.,* 795 F.2d 948, 953 (11th Cir.1986).

## DISCUSSION

### I. Motions to Dismiss

#### A. Count II

In Count II of the Amended Complaint, Rowe alleges that the City violated 28 U.S.C. § 1983 by being deliberately indifferent to his constitutional rights in the training and supervision of its police officers with regard to the collection, accounting and preservation of evidence. Rowe claims that, as a result, the City violated the search and seizure clause of the Fourth Amendment; the bail clause of the Eighth Amendment; and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[2] The Court will address each issue in turn.

#### 1. To the Extent that Rowe's § 1983 Claim Invokes the Fourth and Eighth Amendments, It Is Barred by the Statute of Limitations

██ In its motion to dismiss, the City asserts that, to the extent that Rowe's § 1983 claim relates to the Fourth and Eighth Amendments, it is barred by the statute of limitations. The statute of limitations for § 1983 actions is borrowed from the forum state's general (or residual) statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Florida, the applicable statute of limitations period is four years. Fla.Stat. § 95.11(3). According to the Amended Complaint, Rowe was convicted on December 14, 1984, and incarcerated thereafter. All conduct on the part of the City of which Rowe complains occurred before this conviction date. Hence, Rowe's § 1983 claim, to the extent that it invokes the Fourth and Eighth Amendments, against the City expired with the end of the four year limitations period and cannot be raised thirteen years later in this 1997 action.[3]

---

2. Rowe also alleges a violation of his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Court notes, however, that *Brady* rights are merely a species of due process rights. *See Id.; accord Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (Stevens, J., dissenting on other grounds). Therefore, the claim pursuant to *Brady* will be treated as a part of Rowe's claim that his rights under the Fourteenth Amendment were violated.

3. Rowe asserts that his claims under § 1983 are not barred by the statute of limitations because his cause of action did not arise until his conviction and sentence were invalidated on July 15, 1994. In support of this contention, Rowe asserts that "[t]here can be no cause of action for damages under § 1983 attributable to an unconstitutional conviction or sentence unless and until the conviction or sentence has been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 489–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, the Court notes that, under *Heck,* some § 1983 actions accrue whether or not the conviction or sentence is ever overturned. The proper standard for whether or not a § 1983 of action accrues prior to the overturning of a conviction or sentence, is whether the § 1983 action "necessarily" requires the plaintiff to prove the unlawfulness of his conviction or confinement. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Therefore, the Court will assess the portions of the § 1983 claim that invoke the Fourth and Eighth Amendments in order to determine whether or not such a claim necessarily requires Rowe to prove the unlawfulness of his conviction and sentence.

### a. Fourth Amendment

■ It is axiomatic that, in complaining of the City's evidence handling policies and practices, Rowe only has standing to invoke the Fourth Amendment as to the seizure and handling of property that belonged to him. Moreover, any suit for improper seizure of such property necessarily accrued at the time of the seizure. "[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in ... conviction. Because ... such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Heck*, 512 U.S. at 487 n. 7, 114 S.Ct. 2364 (1994) (internal citations omitted). Thus, the Fourth Amendment component of Rowe's § 1983 claim against the City, accrued not later than the time of his conviction and is, therefore, barred by the statute of limitations.[4]

### b. Eighth Amendment

■ Rowe's effort to invoke the Eighth Amendment right to bail is, similarly, barred by the four year statute of limitations. The facts surrounding his pretrial detention, including what evidence was seemingly fabricated or allegedly not produced from his home, were known or should have been known at that time. The deprivation ended with his conviction and incarceration when the right to bail ceased to apply. Moreover, a denial of the right to bail does not necessarily impugn his conviction so as to trigger the bar to suit under *Heck.* Rather, the denial of bail is a deprivation of liberty that precedes conviction. It bears no necessary relationship to the propriety of the later conviction. Thus, *Heck* did not act as a bar to this portion of Rowe's claim against the City. Accordingly, the cause of action arose not later than Rowe's December 14, 1984, conviction. Therefore, the statute of limitations bars the Eighth Amendment component of Rowe's § 1983 claim.

### 2. Rowe's § 1983 Claim Fails to Implicate Actionable Violations of the Fourteenth Amendment

Rowe also asserts a claim pursuant to § 1983 against the City based on alleged violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The Court will address each issue in turn.

### a. The Due Process Clause

### i. Substantive Due Process

■ There is no substantive due process right to be free from investigation or even from prosecution on less than probable cause. *See Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Similarly, the Due Process Clause does not recognize an unlawful arrest as a constitutional injury for which damages are recoverable under § 1983. In *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the Court observed that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, section 1983 would provide a cause of action of every defendant acquitted. . . ." *Id.* at 145, 99 S.Ct. 2689. The *Baker* Court went on to explain that, for the purposes of the Due Process Clause, a claimant's innocence of the charge for which he was arrested is "largely irrelevant." *Id.* Thus, even if any mishandling of the evidence against Rowe resulted in his unlawful arrest, there is no cognizable due process claim for this alleged harm.

Moreover, any constitutional defects in the prosecution of Rowe, such as the alleged violation of his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), were eliminated by the invalidation of his conviction. As explained by the Sixth Circuit in *McCune v. City of Grand Rapids,* 842 F.2d 903, 907 (6th Cir.1988), when reviewing similar *Brady* accusations in a § 1983 suit for allegedly erroneous conviction:

> Because the underlying criminal proceeding terminated in [plaintiff's] favor, he has

4. To the extent that Rowe's Fourth Amendment theory of injury amounts to an allegation of false arrest, the same reasoning applies. The lawfulness of the arrest does not necessarily implicate the validity of any subsequent conviction. There-fore, *Heck* did not act as a bar to this claim. Accordingly, Rowe's claim for his arrest accrued prior to his conviction in December 1994. Any suit for damages for harm to his person through false arrest is now time barred.

not been injured by the act of wrongful suppression of exculpatory evidence. Therefore, [plaintiff] has failed to state an independent claim based on this act of suppression.

*Id.* at 907. As with the plaintiff in *McCune,* Rowe fails to identify any independent constitutional injury from the alleged mishandling of evidence by the City. Therefore, as to substantive due process, the motion to dismiss is granted.

### ii. Procedural Due Process

■ Rowe was entitled to adequate process, nothing more. *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (elucidating factors which determine adequate process). Here Rowe, received the full panoply of due process to which he was entitled, including trial by jury, confrontation of witnesses, representation by counsel, and post-conviction appellate and collateral review. In fact, there is simply no greater process that our system accords. *See Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (characterizing criminal prosecution as according the full panoply of procedural safeguards). Indeed, it is precisely because Rowe received such process that his conviction was invalidated.

Beyond these procedural safeguards during prosecution, Rowe also had available one or more common law remedies for any conduct by the City's police officers which was not authorized by the City. The availability of these additional remedies satisfies all of the City's procedural obligations under the Due Process Clause of the Fourteenth Amendment. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The United States in *Daniels* established the principle that a negligent act by a state or municipal officer does not give rise to § 1983 liability. *Id.* at 335, 106 S.Ct. 662. Rather, in such situations, the obligation of the state or municipality is simply to provide post-deprivation remedies for the random and unauthorized acts of its employees. Rowe has pursued such remedies by suing in tort in the instant action. Rowe's choice not to pursue other available state law claims—or not to do so in a timely fashion—does not create a constitutional infirmity. Therefore, as a matter of law, he is foreclosed from complaining of any denial of adequate procedure. Consequently, Rowe has received all of the process to which he is entitled, and he has no due process grounds, either procedural or substantive, on which to stand today. Therefore, as to the Due Process Clause component of the City's motion to dismiss, such motion is granted.

### b. Equal Protection

■ In Count II, Rowe also asserts a violation of the Equal Protection Clause. However, in order to pursue such a claim, he must establish that he belongs to a class of persons with a definable and protected characteristic. *See San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 20, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). In the instant case, Rowe has not alleged any recognized class of which he is a member. Therefore, as it relates to the Equal Protection Clause, the City's motion to dismiss is granted.

### B. Counts III, IV and V

In Counts III, IV and V of the Amended Complaint, Rowe asserts two conspiracy and one substantive claim for wrongful or malicious prosecution against a variety of defendants. Several defendants[5] assert a variety of reasons why Counts III, IV and V (or portions thereof) should be dismissed. Although, not all of the issues raised apply to each of said defendants, in the interests of economy and clarity, the Court will address each issue in turn.

### 1. Statute of Limitations

In their motions to dismiss, the defendants assert that Counts III, IV and V are barred by the statute of limitations.[6] As observed in

---

**5.** These defendants are Lazarus, Anderson, Doss, and the Defendant Police Officers including Ledegang (for the purposes of this portion of the Order, they will be referred to as "said defendants").

**6.** The Court notes that in their motions to dismiss, the defendants rely largely on case law that pre-dates *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As a result of such misplaced reliance, the defendants focus on whether or not Rowe's claims were "tolled" until his conviction was overturned. As hereinafter discussed, the Supreme Court, in *Heck,* explained that claims such as those asserted in

section I.A.1., above, in § 1983 actions the statute of limitations is borrowed from the relevant state's general statute of limitations. Therefore, a four year limitations period applies to these three counts. Fla.Stat. § 95.11(3).

■ The claims at issue in these three counts appear to be a substantive and two conspiracy claims for malicious prosecution brought pursuant to § 1983. Under *Heck*, malicious prosecution type claims do not accrue until (or unless) the plaintiff's conviction is overturned. *Heck*, 512 U.S. at 484–87, 114 S.Ct. 2364 (the success of such claims necessarily implies that the underlying conviction was unlawful). Indeed, the Supreme Court points out that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceedings in favor of the accused." *Id.* at 484, 114 S.Ct. 2364. Thus, under *Heck*, this Court finds that the claims Rowe asserts in Counts III, IV and V were not cognizable under § 1983 and, consequently, did not accrue until his conviction and sentence were vacated in July 1994. Accordingly, as to Counts III, IV and V, this action is not barred by the statute of limitations. Therefore, as to this issue, the motions to dismiss are denied.

### 2. Immunity

Lazarus and Anderson [7] also raise the issues of absolute and qualified immunity from suit.[8] Specifically, as the prosecuting attorney in the criminal case against Rowe, Lazarus asserts that he is entitled to the protections of absolute and/or qualified immunity. Anderson, asserts that as an employee of

FDCFS she is entitled to the protections of qualified immunity. The Court will address each type of immunity in turn.

#### a. Absolute Immunity

■ It is axiomatic that a prosecuting attorney occupies a quasi-judicial position. As such a prosecutor acting within the scope of his duties in initiating and prosecuting a case is absolutely immune from a suit for malicious prosecution or other civil wrong. *See Office of State Attorney Fourth Judicial Circuit of Florida v. Parrotino*, 628 So.2d 1097 (Fla.1993) and *Lloyd v. Hines*, 474 So.2d 376 (Fla. 1st DCA 1985). Such absolute immunity has been extended to actions brought pursuant to 42 U.S.C. § 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Wahl v. McIver*, 773 F.2d 1169 (11th Cir.1985). Such immunity is denied only if a prosecutor took actions that he had no authority to perform. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Rowe alleges that, as the prosecuting attorney during his 1984 trial, Lazarus took actions that he had not authority to perform. Specifically, he alleges that Lazarus performed various unlawful acts including: unlawful alteration and destruction of evidence, creation of false or fraudulent evidence, and providing misleading and false statements to the Court. No such acts are properly considered to fall within the scope of a prosecutor's role. *See e.g. Ryland v. Shapiro*, 708 F.2d 967 (5th Cir.1983).

As outlined above, at this stage in these proceedings, the Court is constrained to accept as true the allegations of Rowe's

---

Counts III, IV and V were not tolled, but rather did not even accrue until Rowe's conviction was vacated.

**7.** The Court notes that Rowe appears to be suing Anderson in both her individual and official capacities. He is also suing the agency she represents, FDCFS. Therefore, the action against Anderson in her official capacity is redundant. In contrast to individual capacity suits, when a government official is sued under § 1983 in his or her official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991) (quoting *Kentucky v. Graham*, 473 U.S. at 165, 105 S.Ct. 3099) (citing *Monell v. Department of*

*Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists the need to bring official capacity actions against local government officials." *Busby*, 931 F.2d at 776. Therefore, the action against Anderson in her official capacity shall be dismissed with prejudice.

**8.** When, as here, municipal or state officials are sued in their individual capacity they may invoke the protections of absolute and/or qualified immunity. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991).

Amended Complaint. Accordingly, as to the issue of absolute immunity, the Court denies the motion to dismiss without prejudice to the filing of a supported motion for summary judgment on this issue.

### b. Qualified Immunity

■ Qualified immunity is a substantive defense which provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court noted in *Harlow* that this purely objective standard is necessary in order to "avoid excessive disruption of government" and allow many claims to be resolved at the summary judgment stage. *Id.*

The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341–43, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Moreover, "qualified immunity protects government actors as the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir.1994) (en banc). Therefore, "[b]ecause qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Id.*

■ In order to invoke the substantive defense of qualified immunity, Lazarus and Anderson must first prove that they were acting within the scope of their discretionary authority at the time of the alleged wrongful conduct. *Zeigler v. Jackson*, 716 F.2d 847, 848 (11th Cir.1983). Then the burden shifts to Rowe to demonstrate that their conduct violated clearly established law. *Id.* Without

addressing the matter of whether or not Lazarus and Anderson acted within the scope of their discretionary authority, the Court notes that for the purposes of surviving a motion to dismiss, Rowe has adequately alleged that both Lazarus and Anderson violated clearly established law. Therefore, as to the issue of qualified immunity, the motion to dismiss is denied without prejudice to the filing of an appropriate motion for summary judgment on this issue.

### 3. Failure to State a Claim

Ledegang and Doss also move to dismiss Counts III, IV and V for failure to state a claim.[9] They assert that, as to them, Rowe failed to allege the elements required to establish the claims in these three counts.

### a. The Conspiracy Counts—Counts III and V

■ Counts III and V of the Amended Complaint purport to assert claims for conspiracy to wrongfully prosecute Rowe in violation of § 1983. The Court notes that in paragraph 13 of the Amended Complaint, Rowe alleges that Doss was "coerced" into joining the conspiracy. As a matter of law, for Doss to be a member of a conspiracy, she had to have had the intent to voluntarily join it. *Dennis v. Sparks*, 449 U.S. 24, 29, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Therefore, as to Doss, Rowe fails to state a claim in Counts III and V.[10]

■ Ledegang asserts that Count V must be dismissed for failure to state a claim because there are no allegations that there was an agreement or understanding between the defendants named in the count to wrongfully prosecute Rowe or otherwise deprive him of his constitutional rights.[11] In order to state a claim for conspiracy under § 1983, Rowe must allege that there is or was an agreement between two or more individuals to act in furtherance of the objective of the conspiracy. *McKenzie v. Doctors' Hospital of Hollywood, Inc.*, 765 F.Supp. 1504, 1507 (S.D.Fla.1991). A plaintiff "must show that

---

9. Ledegang's motion only relates to Count V.

10. Moreover, to the extent that Rowe's allegations of misconduct by Doss, relate to her testimonial acts, Doss' alleged actions are immune from suit. *Strength v. Hubert*, 854 F.2d 421 (11th Cir.1988).

11. The Court notes that this argument applies equally well to Count III. Accordingly, the Court addresses both Counts III and V.

the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Board of County Commissioners of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992) (internal quotations omitted). The linchpin for a conspiracy claim is the agreement between the parties, and where the complaint fails to allege this agreement, the complaint is deficient and should be dismissed. *McKenzie*, 765 F.Supp. at 1507; *see also Bailey*, 956 F.2d at 1122. Moreover, some factual detail about the conspiracy is necessary, as conclusory statements suggesting a conspiracy are not sufficient to state a claim. *Spiegel v. City of Chicago*, 920 F.Supp. 891, 899 (N.D.Ill.1996), citing *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206–07 (7th Cir.1980); and *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir.1991).

■ In the instant case, the Amended Complaint is devoid of any allegation that there was an agreement between the defendants named in Counts III and V to conspire to wrongfully prosecute Rowe in violation of his civil rights. Thus, these counts fail to state a claim. Accordingly, as to Counts III and V, the motions to dismiss will be granted.

**b. The Substantive Count—Count IV**

■ Doss moves to dismiss Count IV, asserting that, as to her, Rowe fails to state a claim for relief because she is not a state actor. Section 1983 provides a civil remedy for an aggrieved person where a state actor has violated a federal right or protection. *See Carey v. Piphus*, 435 U.S. 247, 254–57, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). It is beyond dispute that § 1983 does not afford a remedy against a private person unless a conspiracy with one or more state actors is properly alleged. *Kadivar v. Stone*, 804 F.2d 635, 637 (11th Cir.1986). Moreover, it is undisputed that Doss was never a state employee or official at any time material to this action.

Doss asserts that because Count IV is a substantive count and not a conspiracy count, it should be dismissed for failure to state a claim. In his response Rowe appears to contend that Count IV should withstand the motion to dismiss because it is the substantive claim that arises as a direct result of the conspiracy alleged in Count V. The Court notes that, to the extent that a co-conspirator is liable for the actions of all conspirators, Rowe's argument has merit. However, the Court dismissed Counts III and V as to Doss and, therefore, as it relates to Doss, Count IV must also be dismissed until and unless Rowe can adequately state a claim for conspiracy against Doss. Therefore, the motion to dismiss Count IV as to Doss will be granted.

**C. Counts VI and VII**

In Counts VI and VII, Rowe asserts state law claims for spoilation of evidence, and negligent supervision and training (respectively) against the City, Satz[12] and FDCFS. In their motions to dismiss, the City, Satz and FDCFS assert that, as claims arising under state law, Counts VI and VII are barred by sovereign immunity and the statute of limitations.

■ The Court notes that Rowe failed to provide the administrative notice necessary to invoke the waiver of sovereign immunity embodied in Fla.Stat. § 768.28. Specifically, that section requires that plaintiffs present their claims to the municipal or state agencies in writing within three years of their accrual. Fla.Stat. § 768.28. Despite the fact that Rowe's state law claims necessarily accrued prior to his conviction on December 14, 1984,[13] he did not file the requisite notices

---

12. The Court observes that, in the Amended Complaint, Rowe appears to bring suit against Satz only in his official capacity as State Attorney. As noted above, an action against a state official in his official capacity, is simply "another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991) (quoting *Kentucky v. Graham*, 473 U.S. at 165, 105 S.Ct. 3099) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct.

2018, 56 L.Ed.2d 611). Therefore, the court addresses the claim against Satz as a claim against the state of Florida.

13. In his response to the motions to dismiss, Rowe relies on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to demonstrate that this notice period did not expire prior to June 19, 1995. However, since *Heck* relates only to claims brought pursuant to § 1983, it does not apply to Counts VI and VII.

until on or about June 19, 1995. In other words, by his own pleadings Rowe conclusively demonstrated that he did not file his claims within the three year limitations period set out in Fla.Stat. § 768.28. This, failure alone requires the dismissal of Counts VI and VII for failure to seek a timely waiver of sovereign immunity. *See Levine v. Dade County Sch. Bd.*, 442 So.2d 210 (Fla.1983); *Hansen v. State of Florida*, 503 So.2d 1324 (Fla. 1st DCA 1987); *Halpin v. Short*, 490 So.2d 1271 (Fla. 2nd DCA 1986). Therefore, the motions to dismiss Counts VI and VII will be granted.

## II. Motions to Strike

Various defendants assert that under Fla. Stat. § 768.72, Rowe's demand for punitive damages is premature and should be dismissed without prejudice to allow him to refile those demands once they are supported by record evidence.[14]

■ The pleading provisions of Fla.Stat. § 768.72, however, do not apply to state claims being litigated in federal court. *In re Sahlen & Associates, Inc. Securities Litigation*, 773 F.Supp. 342 (S.D.Fla.1991); *State of Wisconsin Investment Bd. v. Plantation Square Associates*, 761 F.Supp. 1569 (S.D.Fla.1991); *Citron v. Armstrong World Industries, Inc.*, 721 F.Supp. 1259 (S.D.Fla. 1989). Federal court pleadings are governed by the Federal Rules of Civil Procedure, not by state procedural rules. *State of Wisconsin Investment Bd.*, 761 F.Supp. at 1576.

Several federal courts in Florida have held that Fla.Stat. § 768.72 is a substantive law that must be followed in federal court claims. *Marcus v. Carrasquillo*, 782 F.Supp. 593, 600–01 (M.D.Fla.1992); *Lewis v. Snap–On Tools Corp.*, 708 F.Supp. 1260 (M.D.Fla. 1989). This Court, however, adopts the reasoning of the Court in *State of Wisconsin Investment Bd.*, finding that Fla.Stat. § 768.72 is procedural in nature. Application of the Florida statute only determines when a plaintiff is permitted to plead a claim for punitive damages, not whether the plaintiff will eventually receive an award of punitive damages. "Section 768.72 merely changes the time at which a plaintiff can plead punitive claims and at which defendants are formally exposed to such claims." *Id.* at 1575. The Court finds that Powers meets the requirements for stating a claim for punitive damages under *Fed.R.Civ.P.* 9(g), by specifically stating each claim for punitive damages. Therefore, the motions to strike Rowe's demand for punitive damages will be denied.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED as follows:

(1) Defendant Ledegang's Motion to Dismiss Count V of the Complaint (D.E.23) is GRANTED; accordingly, Count V is DISMISSED;

(2) Defendants State Attorney Michael Satz, Joel Lazarus, Florida Department of Children and Family Services and Sharon Anderson's Motion to Dismiss (D.E.24–1) is GRANTED IN PART; the motion is GRANTED to the extent that Counts VI and VII are DISMISSED, and the claims against Sharon Anderson in her official capacity are DISMISSED;

(3) Defendants State Attorney Michael Satz, Joel Lazarus, Florida Department of Children and Family Services and Sharon Anderson's Motion to Strike (D.E.24–2) is DENIED;

(4) Defendant City of Fort Lauderdale's Motion to Dismiss Amended Complaint (D.E.27) is GRANTED; accordingly, Counts II, VI and VII are DISMISSED;

(5) Defendant Ron Cochran's motions to dismiss (D.E. 28 and 84) are moot and shall be ADMINISTRATIVELY REMOVED from the pending motions list;

---

Indeed, the State of Florida does not need to look to the accrual of § 1983 actions in order to determine at what point a plaintiff has missed the opportunity to seek a waiver of sovereign immunity.

14. Fla.Stat. § 768.72 (West 1986) provides in pertinent part:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable basis for recovery of such damages ... The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

moreover, as the Court finds that he is deceased, Count I of the Amended Complaint is DISMISSED;

(6) Defendant Cynthia Doss's Motion to Dismiss (D.E.42–1) is GRANTED; accordingly, Counts III and V are DISMISSED; Count IV is DISMISSED as to Cynthia Doss;

(7) Defendant Cynthia Doss's More Definite Statement (D.E.42–2) is DENIED AS MOOT;

(8) Defendant Cynthia Doss's Motion to Strike (D.E.42–3) is DENIED;

(9) The plaintiff SHALL have twenty (20) days in which to file a second amended complaint in compliance with this Order. Failure to file such a complaint within the allotted time shall result in the *sua sponte* dismissal of this action.